UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
VICTOR ACEVEDO, individually and on behalf of all others similarly situated,

                        Plaintiff,

            -against-

EL BANDIDO RESTAURANT INC. a/k/a EL BANDIDO SPRING VALLEY a/k/a EL BANDIDO MIDDLETOWN; and DONATELLO MANUEL TELLO A/K/A TONY TELLO,

                        Defendants.
------------------------------------------------------------------------X

Civil Action No.

COMPLAINT

Plaintiff Victor Acevedo, individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, El Bandido Restaurant Inc. a/k/a El Bandido Spring Valley; El Bandido Restaurant Inc. a/k/a El Bandido Middletown; and Donatello Manuel Tello a/k/a Tony Tello (together, "Defendants"), respectfully alleges as follows:

### I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA"); New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"); and 12 N.Y.C.R.R. §§ 146-1.6.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through its employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendants.

7. While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

9. El Bandido is a domestic corporation with its principal place of business located at 196 Route 59, Spring Valley, NY, 10977 (the "Spring Valley Restaurantt").

10. El Bandido Restaurant Inc. owns and operates two restaurants serving Mexican cuisine: the Spring Valley Restaurant, and another restaurant located at 536 East Main Street, Middletown, NY 10940 (the "Middletown Restaurant") (together, the "Restaurants").

11. Upon information and belief, Tello is an individual residing in the State of New York.

12. At all relevant times, Tello was and still is an officer, director, shareholder, owner, and/or person in control of the Restaurants, who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

13. Both Restaurants are named "El Bandido".

14. Upon information and belief, the Restaurants share employees and inventory, and the menus are substantially similar.

15. Upon information and belief, all employee paychecks listed the employer as El Bandido Restaurant, 196 Route 59, Spring Valley, NY, 10977, regardless of whether the employee worked at the Spring Valley Restaurant, the Middletown Restaurant, or both.

16. At all relevant times, Tello managed and/or oversaw operations at both Restaurants.

17. At all relevant times, Defendants were responsible for setting Plaintiff's schedules, determining his day-to-day activities, and supervising his performance.

18. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

19. At all relevant times, Defendants were responsible for compensating Plaintiff.

20. Defendants exercised sufficient control over Plaintiff's day-to-day operations to be considered his employers for the purposes of the FLSA and NYLL.

21. Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

22. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

23. Defendants operate in interstate commerce.

24. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

25. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since

the date three (3) years prior to the filing of this Complaint, and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

26. The FLSA Collective Plaintiffs consist of no less than twelve (12) similarly situated current and former employees of Defendants who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime compensation.

27. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to compensate employees with overtime compensation for all hours worked in excess of forty (40) per week.

28. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

29. Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

30. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

31. Plaintiff worked for Defendants as a prep cook and dishwasher at the Middletown Restaurant from on or around January 1, 2011 until on or around August 30, 2021.

32. As a prep cook and dishwasher, Plaintiff's job duties included, *inter alia*, assisting in the preparation of food and washing dishes.

33. From in or around January 2016 until in or around December 2018, Plaintiff regularly worked six (6) days per week, as follows: Mondays through Wednesdays from approximately 12:00 p.m. until between 9:00 p.m. and 10:00 p.m.; Fridays and Saturdays from approximately 12:00 p.m. until 11:00 p.m.; and Sundays from approximately 12:00 p.m. until 9:00 p.m., with a daily two (2) hour break, for an average of approximately forty-seven and a half (47.50) hours worked per week.

34. From in or around January 2019 until in or around December 2019, Plaintiff regularly worked six (6) days per week, as follows: Fridays through Wednesdays from approximately 7:00 a.m. until 11:00 a.m. and from approximately 4:00 p.m. until 11:00 p.m., with no meal or rest breaks, for a total of approximately sixty-six (66) hours worked per week.

35. From in or around January 2020 until in or around May 2021, Plaintiff regularly worked six (6) days per week, as follows: Mondays and Tuesdays from approximately 1:00 p.m. until between 10:00 p.m. and 10:30 p.m.; Wednesdays from approximately 12:00 p.m. until 10:00 p.m.; Fridays and Saturdays from approximately 12:00 p.m. until 11:00 p.m.; and Sundays from approximately 12:00 p.m. until 9:00 p.m., with a daily two (2) hour break, for an average of approximately forty-seven and a half (47.50) hours worked per week.

36. From in or around June 2021 until on or around August 30, 2021, Plaintiff regularly worked six (6) days per week, as follows: Mondays, Tuesdays, and Thursdays from approximately 12:00 p.m. until 8:00 p.m.; Fridays and Saturdays from approximately 1:00 p.m. until 10:00 p.m.; and Sundays from 1:00 p.m. until 9:00 p.m., with a two (2) hour break on Mondays, Tuesdays,

Thursdays, and Sundays, and a one (1) hour break on Fridays and Saturdays, for a total of approximately forty (40) hours worked per week.

37. From on or around January 1, 2011 until in or around May 2021, Defendants did not track or otherwise record the hours Plaintiff worked.

38. From in or around June 2021 until on or around August 30, 2021, Defendants required Plaintiff to track his work hours using a punch in/out time keeping system.

39. From in or around January 2016 until in or around December 2017, Defendants compensated Plaintiff at a fixed weekly rate of $350.00, regardless of the number of hours he worked.

40. From in or around January 2018 until in or around December 2018, Defendants compensated Plaintiff at a fixed weekly rate of $400.00, regardless of the number of hours he worked.

41. From in or around January 2019 until in or around May 2021, Defendants compensated Plaintiff at a fixed weekly rate of $500.00, regardless of the number of hours he worked.

42. From in or around June 2021 until on or around August 30, 2021, Defendants compensated Plaintiff at an hourly rate of $13.50 per hour for all hours worked each week, including all hours worked in excess of forty (40) per week.

Defendants' Violations of the FLSA and NYLL

43. While employed with Defendants, Plaintiff and the FLSA Collective Plaintiffs were non-exempt employees under the FLSA and the NYLL, and were entitled to receive at least the minimum wage for all hours worked, spread of hours wages when applicable, and overtime compensation for all hours worked in excess of forty (40) per week.

44. Plaintiff and the FLSA Collective Plaintiffs were not paid at least the statutory minimum wage for all hours worked.

45. Plaintiff was not paid an additional hour at the statutory minimum wage on days in which he worked a spread of hours that exceeded ten (10) hours.

46. Although Plaintiff and the FLSA Collective Plaintiffs regularly worked more than forty (40) hours per week during their employment with Defendants, Defendants failed to compensate Plaintiff and the FLSA Collective Plaintiffs with overtime wages at a rate of one and one-half (1.5) times their regular hourly rate or the statutory minimum wage, whichever is higher, for every hour worked in excess of forty (40) per week.

47. Defendants also failed to furnish Plaintiff with a payroll notice at the time of his hire, or at any time thereafter, containing allowances, if any claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; the "doing business as" names used by the employer; the physical address of the employer's main or principal place of business, and a mailing address, if different; the telephone number of the employer or any other information required by NYLL § 195 (1).

48. Defendants further failed to furnish Plaintiff with each wage payment, an accurate statement listing Plaintiff's regular and overtime rates of pay and the accurate number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

49. Defendants violated federal and state law by willfully failing to pay Plaintiff and the FLSA Collective Plaintiffs the applicable minimum wages for all hours worked; by failing to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages for all hours worked in excess of forty (40) per week; by failing to pay Plaintiff spread of hour wages when applicable; and by failing to provide Plaintiff with the required wage statements and payroll notices pursuant to

NYLL § 195(1) and (3).

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
(*Overtime Violations under the FLSA*)

50. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

51. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

52. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

53. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) per week.

54. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

55. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

56. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
*(Minimum Wage Violations under the FLSA)*

57. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

58. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to the statutory minimum hourly wages for all hours worked.

59. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the statutory minimum wages for all of the hours they worked.

60. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required minimum wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

61. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

62. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the Second Cause of Action in the amount of their unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Overtime Violations under the NYLL)*

63. Plaintiff repeats and realleges all prior allegations set forth above.

64. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times his regular hourly rate of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

65. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

66. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) per week.

67. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

68. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

69. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Minimum Wages Violations under the NYLL)*

70. Plaintiff repeats and realleges all prior allegations set forth above.

71. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to receive at least the statutory minimum wages for all hours worked.

72. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff at least the statutory minimum wages for all of the hours worked.

73. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

74. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

75. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
(*Spread of Hours Violations under the NYLL*)

76. Plaintiff repeats and realleges all prior allegations set forth above.

77. Plaintiff regularly worked shifts that spanned more than ten (10) hours per day.

78. Defendants willfully failed to pay Plaintiff additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which he worked a spread of more than ten (10) hours.

79. By Defendants' failure to pay Plaintiff spread of hours pay, Defendants have willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §§ 146-1.6.

80. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of Plaintiff's unpaid spread of hours wages, liquidated damages,

attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Failure to Timely Pay Wages under the NYLL)*

81. Plaintiff repeats and realleges all prior allegations set forth above.

82. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid his earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

83. During the relevant period, Defendants routinely failed to pay Plaintiff all of his earned wages in accordance with the agreed-upon terms of employment.

84. During the relevant period, Defendants failed to timely pay Plaintiff all of his earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

85. Throughout the relevant period, Defendants failed to pay Plaintiff all minimum wages, overtime wages, and spread of hours wages earned by Plaintiff, in violation of NYLL § 191(1)(a)(i).

86. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

87. As Defendants did not have a good faith basis to believe that their failure to pay wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

88. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
(*Failure to Provide Wage Statements under the NYLL*)

89. Plaintiff repeats and realleges all prior allegations set forth above.

90. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: Plaintiff's regular and overtime rates of pay; the accurate number of regular and overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

91. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff are entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, and all reasonable attorneys' fees and costs.

92. Judgment should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**AS AND FOR A EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
(*Failure to Provide Payroll Notices Under the NYLL*)

93. Plaintiff repeats and realleges all prior allegations set forth above.

94. Defendants failed to furnish to Plaintiff, at the time of hire or at any time thereafter, notices containing the rate or rates of pay and basis thereof; allowances, if any claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; the "doing business as" names used by the employer; the physical address of the employer's main or principal place of business, and a mailing address if different; the telephone number of the employer or any other information required by NYLL § 195(1).

95. As Defendants failed to provide Plaintiff with a payroll notice as required by NYLL § 195(1), Plaintiff are entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, and all reasonable attorneys' fees and costs.

96. Judgement should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**WHEREFORE** Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, prays for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all minimum wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all minimum wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for all spread of hours wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for all wages due to Plaintiff, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

      g)       on the Seventh Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

      h)       on the Eighth Cause of Action for liquidated damages in the amount of $50.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

      i)       interest;

      j)       costs and disbursements; and

      k)       such other and further relief as is just and proper.

Dated: New York, New York
       September 23, 2022

                                          KATZ MELINGER PLLC

                                          By: */s/ Eliseo Cabrera*
                                          Eliseo Cabrera, Esq.
                                          370 Lexington Avenue, Suite 1512
                                          New York, New York 10017
                                          t: (212) 460-0047
                                          f: (212) 428-6811
                                          edcabrera@katzmelinger.com
                                          *Attorneys for Plaintiff*