USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/25/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

VICTOR ACEVEDO, on behalf of himself, individually, and on behalf of all others similarly situated,

      Plaintiff,

-against-

EL BANDID RESTAURANT INC. a/k/a EL BANDIDO SPRING VALLY a/k/a EL BANDIDO MIDDLETOWN, and DONATELLO MANUEL TELLO a/k/a TONY TELLO,

      Defendants.
------------------------------------------------------------X

22-cv-8180

**OPINION & ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

  Plaintiff filed this action on September 23, 2022, alleging claims against Defendant for violating the Fair Labor Standards Act (hereinafter "FLSA") and New York Labor Law (hereinafter "NYLL") based on failure to pay overtime wages, minimum wage violations, spread of hours violations, failure to pay wages in a timely manner, and failure to provide wage statements and payroll notices (ECF No. 1). Before the Court is the parties' application to approve their settlement agreement in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199

(2d Cir. 2015). (ECF No. 93). For the reasons below, the Court **APPROVES** the settlement agreement.[1]

## DISCUSSION

In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the [United States] Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020). Thus, a district court in this Circuit must review a proposed FLSA settlement and determine whether it is fair and reasonable. *See, e.g., Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, No. 20-cv-7131 (KMK), 2021 WL 38264, at *2 (S.D.N.Y. Jan. 5, 2021). In doing so, district courts consider the "totality of circumstances," including the following factors: (1) plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement results from arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Fisher*, 948 F.3d at 600 (quoting *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

In addition, the following factors "weigh against approving a settlement": (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by

---

[1] The parties have consented to the Court's jurisdiction pursuant to 28 U.S.C. §636(c). (ECF No. 82).

the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace. *Wolinsky*, 900 F. Supp. 2d at 336. "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (internal quotations omitted). "[T]here is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St. Marks, Inc.*, No. 14-cv-9063, No. 15-cv-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quotation marks omitted).

Having reviewed the parties' submissions in support of the proposed settlement, and having considered the totality of the circumstances, the Court finds that the parties' settlement agreement is fair and reasonable.

All five *Wolinsky* factors favor approval. First, the settlement agreement provides for a total settlement payment of $22,000, with $12,635.78 payable to Plaintiff and $6,317.89 payable as attorney's fees. (ECF No. 93 at 4; ECF No. 93-1 at 4). Plaintiff's estimated damages in this case consist of (1) $48,791.63 in unpaid overtime wages, (2) $2948 in unpaid minimum wages, and (3) $7,557.80 in unpaid spread of hours wages (ECF No. 93 at 2), the sum of which is $59,297.45. The proposed settlement payment to Plaintiff thus constitutes about 21 percent of his

maximum total recovery and more than 25 percent in his alleged FLSA overtime wages had he prevailed at trial. This recovery percentage is consistent with recovery amounts approved by courts in other FLSA cases in this District. *See, e.g., Gervacio v. ARJ Laundry Servs. Inc.*, No. 17-CV-9632 (AJN), 2019 WL 330631, at *1 (S.D.N.Y. Jan. 25, 2019) (approving settlement where plaintiff received "20 per cent of the total possible" amount recoverable at trial); *Santos v. YMY Mgmt. Corp.*, No. 20-cv-1992 (JPC), 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (approving settlement where plaintiff received "approximately 18% of Plaintiff's total alleged damages and approximately 39% of his total alleged minimum wage and overtime owed," and noting that "[c]ourts in this District routinely award settlement amounts within this range") (collecting cases).

Second, the settlement will enable the parties to avoid many other expenses and burdens associated with establishing their claims and defenses. Although the parties already conducted the bulk of fact discovery, this settlement will allow them to avoid expenses related to additional discovery, motion practice, and trial. *See Perez*, 2022 WL 14757824, at *3 (finding that the proposed settlement would allow parties "to avoid the expense of discovery as well as the expense of motion practice and trial").

Third, Plaintiff would have faced litigation risks if this case had proceeded to trial. The parties dispute whether Defendant employed Plaintiff prior to 2020, whether Plaintiff regularly worked overtime hours, and whether he was properly compensated for them. (ECF No. 93 at 3). Defendant also may prove a good faith

affirmative defense to avoid liquidated damages. (*Id.*) And Defendant denies Plaintiff's allegations altogether. (*Id.*) As Plaintiff's counsel acknowledges, Plaintiff might not prevail on his claims at trial and, even if he were to prevail, he risks being unable to collect on any judgment given the financial status of the Defendant. (*Id.* at 3).

As to the fourth and fifth factors, the Court has no reason to believe that the proposed settlement is not the product of arm's-length bargaining between experienced counsel or that the agreement stems from fraud or collusion. Indeed, this settlement agreement was initially brokered by and then negotiated through two separate settlement conferences with the Court. (ECF Nos. 01/18/2024 (Minute Entry); 03/04/2024 (Minute Entry)).

Moreover, none of the *Wolinsky* factors that weigh against approving a settlement exist here. This case involves only an individual Plaintiff, the settlement agreement affects only this Plaintiff, and the Court is unaware of other employees who are similarly situated to this Plaintiff. Given that the employment relationship between Plaintiff and Defendant has ended, there is no likelihood that the circumstances that gave rise to this lawsuit will recur. (ECF No. 1 at 4; ECF No. 93 at 1). The Court is also unaware of a history of FLSA non-compliance by this employer, and the complaint does not appear to raise novel factual or legal issues that would further the development of law in this area.

In addition, the proposed settlement agreement has no problematic provisions that would preclude court approval. There are no confidentiality or non-

disparagement provisions in the proposed agreement, and the release provision appropriately limits itself to the wage and hour claims asserted here and related claims that could have been asserted. (ECF No. 93-1 at 7); *see also Cortes v. New Creators, Inc.*, No. 15-cv-5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016); *Illescas v. Four Green Fields LLC*, No. 20-cv-9426 (RA), 2021 WL 1254252, at *1 (S.D.N.Y. Apr. 5, 2021).

As for attorney's fees and costs, the proposed settlement provides Plaintiff's counsel with $6,317.89 in attorney's fees – exactly one-third of the total settlement amount net of costs – and $3,046.33 in costs. (ECF No. 93 at 4). "Courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Santos*, 2021 WL 431451, at *2 (cleaned up). "However, even when the proposed fees do not exceed one third of the total settlement amount, courts in this Circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* (quotation marks omitted).

Plaintiff's counsel has submitted contemporaneous time records to support the fee application.[2] (ECF No. 93-2). Applying the lodestar method, Plaintiff's counsel explains that they have years of experience in employment law and that they worked 281.80 hours among four attorneys at hourly rates between $325 to

---

[2] The Second Circuit has said that adequate documentation must be provided in support of a request for attorney's fees. *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). Indeed, "[a]ll applications for attorney's fees ... should normally be disallowed unless accompanied by contemporaneous time records indicating for each attorney the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983).

$525, which would yield a total lodestar fee of $104,465.[3] (ECF No. 93-2 at 20). The proposed fee ($6,317.89) represents about 6 percent of the lodestar amount ($104,465), which is fair and reasonable given these facts. *See Fuentes v. Highgate Cleaners Inc.*, No. 20-cv-3925 (OTW), 2022 WL 14717835, at *2 (S.D.N.Y. Oct. 25, 2022) (finding attorney's fees award reasonable where it is "less than [p]laintiff's counsel's stated lodestar"); *Gervacio,* 2019 WL 330631, at *3 ("The true lodestar amount is [ ] greater than the fee award contained in the settlement agreement. As a result, the Court does not disturb the calculation of attorneys' fees…").

Plaintiff's counsel also asserts $3,046.33 of costs in their motion – consisting of a $402 filing fee, a $218 service of process fee, $261.38 in translation services fees, and $2,164.95 in court reporter costs and expenses. (ECF No. 93-4). Counsel did not separately submit extrinsic proof or a declaration confirming that these amounts were expended. Even so, the Court grants this fee request, provided that Plaintiff's counsel submits a declaration within two weeks of this Order affirming that these itemized costs and expenses were expended. *See, e.g., Cortes*, 2016 WL 3455383, at *6 ("Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as invoices or receipts. A sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items is also sufficient.") (citations omitted).

---

[3] Because the Court finds the requested fee to be reasonable, it will not separately address whether the rate and number of hours expended on this case, as reflected in Plaintiff's counsel's billing records, are themselves reasonable.

## CONCLUSION

For the reasons stated above, the Court finds the proposed settlement to be fair and reasonable, and the settlement agreement as filed at ECF No. 93-1 is **APPROVED**. Plaintiff will receive a total of $22,000, with $12,635.78 payable to Plaintiff and $9,364.22 (consisting of $6,317.89 in fees and $3,046.33 in costs) payable to Plaintiff's counsel. But the Court directs Plaintiff's counsel to submit a declaration within two weeks of this Order affirming the expenditure of the itemized costs above.

According to paragraph two of the parties' settlement agreement, the Court directs Plaintiff's counsel to submit a Stipulation of Discontinuance once full and complete payment is received and cleared by Plaintiff and his counsel.

**SO ORDERED.**

DATED:   White Plains, New York
         October 25, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge